**Opinion issued August 5, 2014**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

## NO. 01-14-00126-CR

———————————

## EX PARTE DAVID SIDNEY MCKEAND, Appellant

---

**On Appeal from the County Criminal Court at Law No. 10**
**Harris County, Texas**
**Trial Court Case No. 1932729**

---

## O P I N I O N

Appellant, David Sidney McKeand, appeals the denial of his application for writ of habeas corpus. According to his application for writ of habeas corpus, appellant was charged with driving while intoxicated and felony evading arrest.[1] Appellant, an attorney who represented himself in the underlying proceedings,

---

[1]     *See* TEX. PENAL CODE ANN. § 49.04(a) (Vernon 2011) (driving while intoxicated); *id.* § 38.04 (Vernon 2011) (evading arrest).

accepted a plea bargain of the maximum fine of $2,000 and one year probation for the DWI offense, and the felony charge of evading arrest was dismissed. Appellant subsequently petitioned for a writ of habeas corpus, asserting that, even though his sentence was discharged, he continues to suffer collateral consequences arising from the conviction, that his guilty plea was involuntary, and that he lacked the experience to represent himself effectively in the underlying proceeding. The trial court denied appellant's application for a writ of habeas corpus on January 9, 2014, and he then filed his notice of appeal.

The trial court clerk filed the clerk's record on February 14, 2014. The reporter's record in this case was due February 19, 2014. *See* TEX. R. APP. P. 4.1(a), 31.1. However, the court reporter notified this Court that appellant had neither requested nor paid for the reporter's record. This Court's Clerk notified appellant that the Court might consider his appeal without a reporter's record unless the appellant: (1) caused the record to be filed in this Court by paying for the record; (2) filed proof that he has made arrangements to pay the reporter's fee to prepare the reporter's record; or (3) filed proof that he is entitled to proceed without payment of costs by May 9, 2014. *See* TEX. R. APP. P. 31.1 (requiring reporter to prepare and certify record if requested by appellant); *see also* TEX. R. APP. P. 34.6(b)(1) (requiring appellant to request in writing that reporter prepare record), 35.3(b) (imposing duty on court reporter to prepare, certify, and file

2

reporter's record if appellant requests and pays for record), 37.3(c) (authorizing appellate court to consider case without reporter's record if appellant fails to request or pay for record). Appellant has not responded to this request, and this Court has not received the reporter's record for the hearing on appellant's application.

Texas Rule of Appellate Procedure 37.3 allows courts to review a case without the reporter's record. It provides that when "the appellant failed to request a reporter's record" or when "appellant [has] failed to pay or make arrangements to pay the reporter's fee to prepare the reporter's record; and . . . the appellant is not entitled to proceed without payment of costs," the appellate court "may—after first giving the appellant notice and a reasonable opportunity to cure—consider and decide those issues or points that do not require a reporter's record for a decision." TEX. R. APP. P. 37.3(c). In the absence of a reporter's record, an appellate court considering a habeas corpus application will presume that there was evidence to support the trial court's judgment. *In re Mott*, 137 S.W.3d 870, 875 (Tex. App.—Houston [1st Dist.] 2004, orig. proceeding). However, in a proceeding to review a denial of an application for writ of habeas corpus, the applicant still bears the burden of proving that he is entitled to relief by a preponderance of the evidence. *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002).

In reviewing the trial court's order denying habeas corpus relief, the appellate court affords "almost total deference to the judge's determination of the historical facts that are supported by the record, especially when the fact findings are based on an evaluation of credibility and demeanor." *Ex parte Wilson*, 171 S.W.3d 925, 928 (Tex. App.—Dallas 2005, no pet.); *see also Phuong Anh Thi Le v. State*, 300 S.W.3d 324, 327 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (holding that, in reviewing trial court's ruling on habeas corpus petition, reviewing court must defer to all of trial court's implied factual findings supported by record). The appellate court "will sustain the lower court's ruling if it is reasonably supported by the record and is correct on any theory of law applicable to the case." *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006).

Thus, in a case like this one, where all of the evidence was presented at the hearing on the application for a writ of habeas corpus, unless a complete record is filed, nothing is presented for review. *See Ex parte Henderson*, 565 S.W.2d 50, 51–52 (Tex. Crim. App. 1978) (holding that trial court's judgment in habeas corpus proceeding will be affirmed if appellant fails to request or pay, if appellant is able to do so, for reporter's record); *Ex parte Sims*, 565 S.W.2d 45, 49 (Tex. Crim. App. 1978) (op. on reh'g) ("We hold . . . that in a habeas corpus proceeding the judgment will be affirmed absent a statement of facts or bills of exception where nothing has been presented for review."); *see also* Tex. R. App. P. 37.3(c)

4

(providing that, after giving notice and opportunity to cure, this Court may only consider issues that do not require reporter's record); *Blacklock v. State*, No. 14-01-00808-CR, 2001 WL 1249680, at *1 (Tex. App.—Houston [14th Dist.] Oct. 18, 2001, no pet.) (not designated for publication) ("In a habeas corpus proceeding, without a complete record, nothing is presented for review.").

Here, although the reporter's record was due February 19, 2014, appellant did not file a reporter's record of the habeas hearing. On February 28, 2014, this Court notified appellant that his reporter's record was past due and ordered him to file the record within ten days. Again, on April 9, 2014, appellant was notified that his appeal would be considered without a reporter's record unless he provided proof that the record was to be filed or caused the record to be filed by May 9, 2014. Appellant did not cause the record to be filed. Because appellant failed to file a complete record of his habeas corpus proceeding, nothing is presented for our review. *See* TEX. R. APP. P. 37.3(c); *Ex parte Sims*, 565 S.W.2d at 49; *Blacklock*, 2001 WL 1249680, at *1.

Accordingly, we affirm the judgment of the trial court.

**PER CURIAM**

Panel consists of Justices Keyes, Sharp, and Huddle.

Publish. TEX. R. APP. P. 47.2(b).