PD-1098-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 9/1/2015 1:30:06 PM
Accepted 9/1/2015 3:09:40 PM
ABEL ACOSTA
CLERK

## IN THE COURT OF CRIMINAL APPEALS FOR THE STATE OF TEXAS

| | | |
|---|---|---|
| BENEDICT EMESOWUM | ) | |
| Appellant | ) | |
| | | |
| vs. | ) | 1st Court of Appeals No: 01-14-00116-CR |
| | | |
| STATE OF TEXAS | ) | |
| Appellee | ) | |

### PETITION FOR DISCRETIONARY REVIEW

Now comes appellant and respectfully petitions this Court for review of the lower court's decisions pertaining to:

1.) The denial of his status as indigent and filed affidavits of such to obtain without prepayment of costs the hearing transcripts that amount to about $2000.00

2.) The Denial of his constitutional rights prior to trial

3.) The violation of his constitutional and legally protected right during trial and denial of a fair trial.

4.) The violation of his rights post trial

5.) All other matters of law and fact that affected appellant to be rightfully exonerated of the accusation.

### CONCLUSION

Appellant prays that this Court grant his petition for review as respectfully requested.

Sincerely,

Benedict Emesowum
P.O. BOX 53911
Houston, TX 77052

FILED IN
COURT OF CRIMINAL APPEALS

September 1, 2015

ABEL ACOSTA, CLERK

Opinion issued July 28, 2015



In The

# Court of Appeals

For The

# First District of Texas

---

## NO. 01-14-00116-CR

---

**BENEDICT CHINONSO EMESOWUM, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

On Appeal from the County Criminal Court at Law No. 10
Harris County, Texas
Trial Court Case No. 1849562

---

## MEMORANDUM OPINION

Benedict Emesowum appeals his conviction for assault.[1] He has made no

arrangements to supply a court reporter's record to the Court. *See* TEX. R. APP. P.

---

[1] TEX. PENAL CODE ANN. § 22.01 (West 2011).

35.2. Emesowum claims that he is indigent and thus entitled to a reporter's record free of cost. *See* TEX. R. APP. P. 35.3(b)(3).

Previously, we remanded this case to the trial court to determine whether Emesowum was indigent. *See* TEX. R. APP. P. 37.3(a)(2), 38.8(b). After two hearings, the trial court found that Emesowum is not indigent. We subsequently denied Emesowum's "Motion to Review the Arbitrary Indigency Ruling by Trial Court" and ordered the court reporter to file an information sheet disclosing whether arrangements had been made for payment of a reporter's record within 12 days of that order.

Emesowum unsuccessfully petitioned the Court of Criminal Appeals to review our order. After we received notice that the Court of Criminal Appeals dismissed the petition as untimely, we issued another order (1) noting that we had received the court reporter's information sheet indicating that she had not been paid for the reporter's record, (2) announcing our intention "to move forward with this appeal on any points and issues which do not require a reporter's record," and (3) informing Emesowum of his appellate brief's due date. *See* TEX. R. APP. P. 37.3(c), 38.8(b)(4).

In his brief, Emesowum asserts that we erroneously denied his petition for writ of mandamus in *In re Emesowum*, No. 01-13-00703-CR, 2013 WL 5276097, at *1 (Tex. App.—Houston [1st Dist.] Sept. 19, 2013, no pet.) (mem. op., not

2

designated for publication). There, we denied Emesowum's petition regarding certain pretrial matters in this case. *Id.* With respect to our holding in *In re Emesowum*, the deadline to file a motion for rehearing or a petition for discretionary review has passed. TEX. R. APP. P. 49.1, 49.7, 53.7(a).

Emesowum further contends that the State failed to disclose unspecified trial evidence before trial; certain witnesses gave false, incredible, or unfairly prejudicial testimony; the State and the trial court prevented Emesowum from calling certain favorable witnesses; the trial court improperly denied a motion for mistrial; the trial court erroneously denied several motions to strike various venirepersons during voir dire; and the State knowingly conspired to introduce fabricated testimony.

These issues involve jury selection and trial, and we cannot determine their merits without a reporter's record detailing what actually occurred in the courtroom. It is Emesowum's burden to request and pay for a reporter's record. TEX. R. APP. P. 35.3(b); *see Ex Parte McKeand*, 454 S.W.3d 52, 53 (Tex. App.—Houston [1st Dist.] 2014, no pet.). Because he has failed to do so, we overrule these issues.

Finally, Emesowum raises several additional issues in his reply brief, including a challenge to the trial court's finding that he is not indigent. "Generally, an appellant must raise an issue in [his] principal brief to have it reviewed on

3

appeal." *Wilson v. State*, No. 01-11-01125-CR, 2015 WL 1501812, at *9 (Tex. App.—Houston [1st Dist.] Mar. 31, 2015, pet. filed) (mem. op., not designated fo publication) (citing TEX. R. APP. P. 38.3; *Barrios v. State*, 27 S.W.3d 313, 32: (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd)).

Accordingly, we overrule any new issues presented in the reply brief.

## Conclusion

We affirm the judgment of the trial court.


Harvey Brown
Justice

Panel consists of Justices Jennings, Bland, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).