**Opinion issued November 19, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00723-CR

———————————

## EX PARTE JAVIER CASTRO, Appellant

---

**On Appeal from the County Criminal Court at Law No. 6**
**Harris County, Texas**
**Trial Court Case No. 1966885**

---

## MEMORANDUM OPINION

Javier Castro appeals the county criminal court at law's denial of his application for a writ of habeas corpus. *See* TEX. CODE CRIM. PROC. art. 11.09. Castro challenges his conviction for misdemeanor prostitution on the grounds that his initial guilty plea was not voluntary and that he received ineffective assistance of counsel.

Finding no abuse of discretion, we affirm the judgment.

## Background

Javier Castro is a citizen of Mexico who has been legally residing in the United States since 1981. While he has taken some English lessons, he still neither speaks nor writes English well.

In 1997, Castro was arrested and charged with misdemeanor solicitation of prostitution. The police report from the incident states that Castro solicited sex from an undercover officer, forcefully spreading her legs apart and giving her $20 as payment. Castro claimed in a sworn affidavit that he did not solicit the officer, and instead he merely gave her a few dollars to buy cigarettes. As he did not understand English well, he asserted that he did not understand the circumstances of his arrest.

Castro was represented in the original trial proceedings by attorney John Stephen Liles. Castro claims that Liles did not discuss the police report with him, did not explain the relevant law, and did not inform him about the State's burden to prove the charges beyond a reasonable doubt. He asserts that Liles told him to plead guilty without telling him that he had the right to a jury trial or fully explaining the plea agreement. Castro claims that if he had known about the police report and burden of proof, he would not have pleaded guilty, and he would have proceeded to trial instead. Liles filed an affidavit declaring that he did not

remember anything about the case, but that he spoke Spanish and typically would explain the charges, review the offense report, and advise clients as to the admonishments in any plea agreement.

In 2004, Castro applied for permanent United States residency. His application was denied in 2007 because he had three prior misdemeanors—two offenses of water pollution and one of prostitution. *See* 8 C.F.R. § 245a.18(a) (stating that an alien convicted of three or more misdemeanors is ineligible for permanent residency). In 2014, Castro filed a habeas petition in the County Criminal Court at Law No. 6 of Harris County, claiming that his conviction subsequent to the guilty plea illegally restrained his liberty because he was denied permanent residency. Castro presented affidavits from his then-girlfriend and his long-time friend to support his assertions that he was not properly advised as to the law and that he would not have pleaded guilty because he did not commit the alleged acts.

The County Court at Law denied the writ without findings of fact or conclusions of law. Castro appealed.

## Analysis

### I.  Jurisdiction

As a preliminary matter, we consider whether the trial court had jurisdiction to hear Castro's application for a writ of habeas corpus. Article 11.09 of the Texas

Code of Criminal Procedure allows a party confined on a misdemeanor charge to apply for habeas relief to "the county judge of the county in which the misdemeanor [was] charged to have been committed." TEX. CODE CRIM. PROC. art. 11.09. A county court may issue a writ of habeas corpus "in any case in which the constitution has not conferred the power on the district courts." TEX. GOV'T CODE § 26.047(a); *see also Ex parte Schmidt*, 109 S.W.3d 480, 483 (Tex. Crim. App. 2003). The Court of Criminal Appeals has stated that the term "confined" in Article 11.09 does not require actual current imprisonment and that the county courts can have habeas jurisdiction if a person is merely restrained due to the conviction. *Schmidt*, 109 S.W.3d at 482–83.

In *State v. Collazo*, 264 S.W.3d 121 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd), this court held that the confinement standard includes a defendant who is "no longer confined, but is subject to collateral legal consequences resulting from the conviction." *Collazo*, 24 S.W.3d at 125–26. *Collazo* dealt with a defendant who pleaded guilty to a misdemeanor burglary charge. *Id.* at 125. He later attempted to obtain a Texas peace officer license but was denied due to the prior misdemeanor. *Id.* Arguing that his plea was involuntary, he sought a habeas writ. *Id.* This court held that because he was denied the opportunity to obtain a Texas peace officer license, he was "restrained" to an extent that would satisfy the

4

confinement standard and provide the trial court with jurisdiction to hear his petition. *Id.* at 126–27.

The Fourteenth Court of Appeals has applied the confinement standard in the immigration context. In *Phuong Anh Thi Le v. State*, 300 S.W.3d 324 (Tex. App.—Houston [14th Dist.] 2009, no pet.), an immigrant challenged two misdemeanor convictions for theft after her detainment by U.S. Immigration and Customs Enforcement. *Id.* at 325. The court of appeals concluded that the trial court had jurisdiction despite the fact that the immigrant was not then in the custody of the State of Texas, because her pending deportation was "based solely on her Texas misdemeanor convictions." *Id.* at 326. While the trial court could not order her release from custody, it could address the habeas challenges and her allegations of ineffective assistance of counsel. *Id.* at 326–27.

Castro similarly faces collateral legal consequences arising from his prior misdemeanor convictions. While Castro is not being detained, the denial of his application for permanent residency is a restraint on personal liberty much like the denial of a peace-officer license in *Collazo*. *See Collazo*, 264 S.W.3d at 126–27. As in *Le*, the county court at law did not have authority to change Castro's immigration status, but it could address his claims of ineffective assistance of counsel in his petition for writ of habeas corpus. The county court at law had jurisdiction to hear Castro's habeas corpus petition. *See Le*, 300 S.W.3d at 326–27.

Because the county court at law had jurisdiction over the petition and decided it on the merits, this court has appellate jurisdiction. *See* TEX. R. APP. P. 31; *see also Schmidt*, 109 S.W.3d at 482.

## II.    Review of denial of habeas relief

Having confirmed our jurisdiction over this appeal, we review the judgment of the trial court. "An appellate court reviewing a trial court's ruling on a habeas claim must review the record evidence in the light most favorable to the trial court's ruling and must uphold that ruling absent an abuse of discretion." *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). A reviewing court must "defer to the trial court's implied factual findings that are supported by the record, even when no witnesses testify and all of the evidence is submitted in written affidavits." *Ex parte Wheeler*, 203 S.W.3d 317, 325–26 (Tex. Crim. App. 2006). The appellate court must "sustain the lower court's ruling if it is reasonably supported by the record and is correct on any theory of law applicable to the case." *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006).

"An applicant seeking habeas corpus relief on the basis of an involuntary guilty plea must prove his claim by a preponderance of the evidence." *Kniatt*, 206 S.W.3d at 664. A claim of ineffective assistance of counsel must also be established by a preponderance of the evidence. *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006).

A guilty plea constitutes a waiver of three constitutional rights: the right to a jury trial, the right to confront one's accusers, and the right not to incriminate oneself. *Kniatt*, 206 S.W.3d at 664; *Collazo*, 264 S.W.3d at 127. As a result, a guilty plea must be entered knowingly, intelligently, and voluntarily in order to comport with due process of law. *Kniatt*, 206 S.W.3d at 664 (citing *Brady v. United States*, 397 U.S. 742, 755, 90 S. Ct. 1463 (1970), and *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S. Ct. 1709, 1712 (1969)). A plea generally is considered voluntary if the defendant was made fully aware of the direct, nonpunitive consequences of the plea. *Anderson v. State*, 182 S.W.3d 914, 918 (Tex. Crim. App. 2006); *Collazo*, 264 S.W.3d at 127.

To prove a claim of ineffective assistance of counsel, an applicant must show that (1) trial counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that but for counsel's unreasonable error, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694, 104 S. Ct. 2052, 2064, 2068 (1984); *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). The *Strickland* test is judged by the "totality of the representation" rather than by isolated acts or omissions of counsel. *Labib v. State*, 239 S.W.3d 322, 333 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (citing *Butler v. State*, 716 S.W.2d 48, 54 (Tex. Crim. App. 1986)). There is a strong presumption that counsel's performance

falls within the wide range of reasonable professional assistance. *See Robertson*, 187 S.W.3d at 482–83.

Applying the *Strickland* factors to the voluntariness analysis, if a defendant claims that his plea was involuntary due to ineffective assistance of counsel, the defendant must show "(1) that counsel's advice was outside the range of competency demanded of attorneys in criminal cases and (2) that, but for counsel's erroneous advice, the defendant would not have pleaded guilty and would instead have gone to trial." *Labib*, 239 S.W.3d at 333 (citing *Ex parte Moody*, 991 S.W.2d 856, 857–58 (Tex. Crim. App. 1999)).

Castro claims that Liles did not inform him of the police report's contents or the State's burden of proof. Liles's affidavit, in contrast, states that he typically discussed the offense report and the option of going to trial with his clients. Castro did not include a copy of the plea agreement that he signed in his application, nor did he explain his failure to include it. Accordingly, the record does not demonstrate whether he received the necessary admonishments before signing his plea agreement. However, Liles stated that he would generally review the admonishments in the plea papers when advising his clients on the rights they were relinquishing as part of a plea bargain.

It is a habeas applicant's responsibility to bring a complete record before the court that proves he is entitled to relief by the preponderance of the evidence. *See*

*Ex Parte McKeand*, 454 S.W.3d 52, 54 (Tex. App.—Houston [1st Dist.] 2014, no pet.). Castro neither brought forward a signed plea agreement nor explained its absence, and the trial court was allowed to draw conclusions from the incomplete record brought before it. *See id.* Given the contradictory affidavits, the trial court as factfinder was entitled to rely on Liles's affidavit rather than believe Castro's assertions. Based on Liles's affidavit, the county court could find that Liles assisted Castro with his standard degree of care, and that Castro received the required admonishments that accompany a plea agreement. Liles's affidavit supports the county court's implied findings that he provided effective assistance, that Castro received the admonishments accompanying a plea deal, and that Castro's guilty plea was knowing and voluntary as a result. Deferring to these findings, Castro was not entitled to relief, as he did not prove *Strickland*'s requirement that his counsel was outside the required range of competency.

Viewing the evidence in the light most favorable to the trial court's ruling and deferring to all of the trial court's implied factual findings that are supported by the record, we find that the county court did not abuse its discretion by denying Castro a writ of habeas corpus. *See Kniatt*, 206 S.W.3d at 664; *Wheeler*, 203 S.W.3d at 325–26. Accordingly, we affirm.

## Conclusion

We affirm the judgment.

Michael Massengale
Justice

Panel consists of Justices Keyes, Massengale, and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).