**Opinion issued November 21, 2017**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-17-00651-CR

———————————

## EX PARTE BALAJIA MASABATTULA

---

**On Appeal from the County Court**
**Grimes County, Texas**
**Trial Court Case No. 4236**

---

## MEMORANDUM OPINION

Balajia Masabattula appeals from the trial court's denial of his application for writ of habeas corpus. He asserts that the trial court failed to admonish him of immigration consequences arising from his guilty plea to possession of marijuana. TEX. R. APP. P. 31. We affirm.

**Background**

On August 15, 2016, Masabattula pleaded guilty to the charge of possession of marijuana in an amount less than 2 ounces. Pursuant to a plea agreement, the trial court sentenced Masabattula to a $500 fine plus court costs of $232.

On June 20, 2017, Masabattula filed an application for writ of habeas corpus asserting that his guilty plea was not knowing and voluntary. Specifically, he argued that the trial court failed to properly admonish him regarding immigration consequences before he entered the guilty plea. Masabattula attached to his application an unsigned affidavit stating that he was not advised of any immigration consequences for his plea and that he is "[c]urrently facing removal from the United States under section 237(a)(2)(A)(i) of the Immigration and Nationality Act." Masabattula also attached an "Order to Appear Deferred Inspection" from the U.S. Department of Homeland Security and incomplete excerpts of answers he provided on certain immigration forms. None of these documents include any reference to Masabattula's August 15, 2016 guilty plea or the basis for his removal. The trial court denied the habeas application on June 23, 2017.

On June 29, 2017, following the denial, Masabattula filed a motion to reconsider and an alternative request for findings of fact and conclusions of law. Masabattula filed "supplemental evidence" in support of his petition consisting solely of a signed version of his prior affidavit.

On July 17, 2017, the trial court issued an amended order denying the application stating that "[t]he Court finds that there are no controverted, previously unresolved issues of fact material to the legality of the applicant's confinement and that the Application for Writ of Habeas Corpus should be denied." Masabattula filed his notice of appeal on the same day.

**Discussion**

An applicant seeking habeas corpus relief on the basis of an involuntary plea must prove his claim by a preponderance of the evidence. *See Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *Ex parte Scott*, 190 S.W.3d 672, 673 (Tex. Crim. App. 2006) (per curiam). In reviewing the trial court's order denying habeas corpus relief, we view the facts in the light most favorable to the trial court's ruling. *See Kniatt*, 206 S.W.3d at 664. We uphold the trial court's ruling absent an abuse of discretion. *See id.*

Masabattula has not made the requisite showing. He seeks habeas relief on the basis that the trial court failed to properly admonish him of immigration consequences before he entered a guilty plea. But the clerk's record does not include the indictment, the plea agreement, any written admonishments, or the underlying judgment. Nor is there any record of the plea hearing or the habeas hearing.

Instead, the record provided by Masabattula contains an email from the court clerk stating that Masabattula's plea was not recorded by a court reporter or

recording device. Moreover, an information sheet from the court reporter states that there is no reporter's record of the hearing on Masabattula's habeas application. In the absence of a reporter's record, a court reviewing the denial of a habeas application presumes there was evidence to support the trial court's judgment. *Ex parte McKeand*, 454 S.W.3d 52, 54 (Tex. App.—Houston [1st Dist.] 2014, no pet.).

Furthermore, although Masabattula asserts that he is now in deportation proceedings based on his guilty plea, the record lacks any indication that his guilty plea was the basis for his claimed deportation proceedings. The record contains an "Order to Appear Deferred Inspection" from the Department of Homeland Security. But that order states that Masabattula did not establish that he is admissible to the United States and ordered him to appear for a final determination to be made concerning whether and under what conditions he would be admitted. Moreover, the record's excerpts of Masabattula's answers on immigration forms do not mention his guilty plea.

Based upon the limited record before us, we conclude that Masabattula has failed to meet his burden. *See Ex parte Chandler*, 182 S.W.3d 350, 353 n.2 (2005) ("It is the applicant's obligation to provide a sufficient record that supports his factual allegations with proof by a preponderance of the evidence."); *Washington v. State*, 326 S.W.3d 701, 706 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (applicant "bears the burden of ensuring that a sufficient record is presented to show

error requiring reversal on appeal."); *see also Ex parte Tovar*, 901 S.W.2d 484, 486 (Tex. Crim. App. 1995) ("An applicant seeking relief from the failure to receive the admonishment required by Art. 26.13(a)(4) must establish that there was no admonishment given consistent with Art. 26.13(a)(4) or otherwise suggesting the possibility of deportation, and that the lack of admonishment affected his decision to enter a plea of guilty.").

## Conclusion

We affirm the trial court's order denying Masabattula's application for writ of habeas corpus.

## PER CURIAM

Panel consists of Chief Justice Radack and Justices Keyes and Caughey.

Do not publish. TEX. R. APP. P. 47.2(b).