In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-17-00313-CR
_____

EX PARTE BRET ALAN ASHWORTH

On Appeal from the County Court at Law No. 2
Montgomery County, Texas
Trial Cause No. 17-30051

MEMORANDUM OPINION

Bret Alan Ashworth appeals from the trial court's denial of his post-conviction application for a writ of habeas corpus. *See generally* Tex. Code Crim. Proc. Ann. art. 11.09 (West 2015). In his application, Ashworth challenged his 2012 conviction in cause number 12-274745 for family-violence assault, a conviction that resulted from a plea agreement. We affirm the trial court's judgment.

Ashworth's appeal arises from an application for writ of habeas corpus that he filed in 2017 in the County Court at Law Number Two of Montgomery County, Texas. Ashworth's application alleges that he pled guilty in cause number 12-274745 even though he was innocent because his lawyer wanted $10,000 to fight the case. According to Ashworth, he could not afford to pay his attorney, who was

1

retained, the requested fee. Ashworth claims that when the prosecutor threatened to charge him with a felony if he refused to agree to the plea agreement that the State proposed, he decided to plead guilty and to forego his right to a trial.

In response to Ashworth's pro-se application, the State filed a motion to dismiss. In support of its motion, the State alleged that Ashworth, in his application for habeas relief, had failed to allege he was currently under any illegal restraint, to identify the relief that he claimed he was entitled to receive, or to swear that the allegations in his application were true.

Approximately one month after the habeas application was filed, the trial court scheduled a hearing to consider the matter. At Ashworth's request, the hearing was postponed and re-scheduled for an August hearing. Approximately two weeks before that hearing, the State filed a supplemental answer, asserting laches. The State's supplemental answer also notes that Ashworth's application failed to allege that he was currently being confined or currently suffering from any collateral consequences due to his conviction in cause number 12-274745. The State also asserted that Ashworth's claim of innocence relied upon information that was known to him before he pled guilty in cause number 12-274745. Finally, the State asserted that Ashworth's 2012 plea agreement in cause number 12-274745 resulted from a rational choice that Ashworth made between the alternatives that he faced when he

decided to plead guilty. Following the hearing, the trial court denied Ashworth's application seeking habeas relief.

The record on appeal does not show that Ashworth ever asserted that he was indigent, nor has he asserted a claim of indigence in this appeal. *See generally* Tex. R. App. P. 20.2. On August 21, 2017, we warned Ashworth that we would consider the appeal on the clerk's record alone unless he took the steps required to have a reporter's record of the hearing that the trial court conducted on his application prepared and filed to support the arguments that he was raising in his appeal. Ashworth did not respond to the Court's notice, and we submitted his appeal without the benefit of a reporter's record. *See* Tex. R. App. P. 37.3(c).

Under Texas law, an applicant seeking habeas relief has the burden to prove that facts exist entitling the applicant to have the trial court issue a writ of habeas corpus. *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002). In the absence of a reporter's record, an appellate court considering a habeas corpus application will presume that the evidence that was before the trial court at the hearing on the application supported the trial court's judgment. *Ex parte McKeand*, 454 S.W.3d 52, 54 (Tex. App.—Houston [1st Dist.] 2014, no pet.).

In his brief, Ashworth claims that he did not inflict the injuries on his wife that resulted in his conviction in cause number 12-274745. Instead, Ashworth claims that the injuries that resulted in his conviction resulted when his wife stumbled down

some stairs and hit her head and arms. According to Ashworth, when the officers responded to the scene, the officers "saw what their eyes saw not what really happened." In the absence of a reporter's record, we are required to conclude that Ashworth failed to convince the trial court in the hearing that he did not inflict the injuries on his wife that resulted in his conviction in cause number 12-274745. *See McKeand*, 454 S.W.3d at 54.

Ashworth also complains in his brief that a public defender was not appointed to represent him in cause number 12-274745, but the record shows that he was represented by an attorney who he retained before he agreed to plead guilty. Ashworth's brief also fails to explain why he waited more than five years before he decided to seek habeas relief. In the absence of a reporter's record of the hearing that occurred on Ashworth's application, we presume that the trial court concluded that Ashworth failed to prove his claims in the hearing. *Id*. We overrule Ashworth's issues, and we affirm the trial court's order denying all relief.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on December 4, 2017
Opinion Delivered December 13, 2017
Do Not Publish
Before McKeithen, C.J., Horton and Johnson, JJ.

4