**Opinion issued July 19, 2018**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-17-00960-CR

———————————

## EX PARTE JOSE LUIS NASSAR RODRIGUEZ, APPELLANT

---

**On Appeal from the 180th District Court**
**Harris County, Texas**
**Trial Court Case No. 1484221-A**

---

## MEMORANDUM OPINION

Appellant, Jose Luis Nassar Rodriguez, appeals from the trial court's denial of his application for a post-conviction writ of habeas corpus.[1]  In his application,

---

[1]    *See* TEX. CODE CRIM. PROC. ANN. art. 11.072 (West 2015) (providing person confined on charge of felony conviction who received community supervision may apply for writ of habeas corpus); *Tatum v. State*, 846 S.W.2d 324, 327 (Tex. Crim. App. 1993) ("If a misdemeanor judgment is void, and its existence may have detrimental collateral consequences in some future proceeding, it may be collaterally attacked, whether or not a term of probation was successfully served

appellant argues that (1) he received ineffective assistance of counsel because his trial counsel failed to accurately advise him regarding immigration and (2) his plea was involuntary because he did not understand the relevant circumstances about his immigration status.

We affirm.

## Background

According to his application, appellant pleaded guilty to burglary of a building on March 15, 2017, and the trial court sentenced him to community supervision.[2] On November 13, 2017, appellant filed an application for writ of habeas corpus challenging the voluntariness of his guilty plea based on allegedly ineffective assistance of counsel. Appellant argued that his trial attorney, William Cheadle, did not provide him with advice that burglary of a building is considered an aggravated felony under immigration law. Appellant also argued that the plea admonishments he signed did not provide effective notice of the immigration effects of the plea. And, the "three pages of the admonishments were not completely and accurately translated to him." Appellant further argued that he would not have agreed to community supervision had he known that he would have been "swiftly removed

---

out."); *see also State v. Collazo*, 264 S.W.3d 121, 126 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd).

[2] *See* TEX. PENAL CODE ANN. § 30.02 (West Supp. 2017).

from the community by DHS" and that his plea was involuntary because he did not understand the immigration consequences of the plea. The trial court denied his application on November 29, 2017. Appellant timely filed a notice of appeal on December 14, 2017.[3]

The trial court clerk filed the clerk's record on December 27, 2017. The reporter's record in this case was due January 22, 2018. *See* TEX. R. APP. P. 4.1(a), 31.1. However, the court reporter notified this Court that no reporter's record had been taken. On February 9, 2018, appellant requested that we abate the appeal for the trial court to enter findings of fact and conclusions of law. On February 15, 2018, we granted appellant's motion. We received a supplemental clerk's record with the trial court's findings of fact and conclusions of law on March 21, 2018.

## Standard of Review

In reviewing the trial court's order denying habeas corpus relief, the appellate court affords "almost total deference to the judge's determination of the historical facts that are supported by the record, especially when the fact findings are based on an evaluation of credibility and demeanor." *Ex parte Wilson*, 171 S.W.3d 925, 928 (Tex. App.—Dallas 2005, no pet.); *see also Phuong Anh Thi Le v. State*, 300 S.W.3d 324, 327 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (holding that, in reviewing

---

[3] *See* TEX. CODE CRIM. PROC. ANN. art. 11.072 § 8 (West 2015) (providing that if application is denied in whole or part, applicant may appeal under Article 44.02 and Rule 31 of Texas Rules of Appellate Procedure).

trial court's ruling on habeas corpus petition, reviewing court must defer to all of trial court's implied factual findings supported by record).  The appellate court "will sustain the lower court's ruling if it is reasonably supported by the record and is correct on any theory of law applicable to the case." *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006).

When, as here, an applicant seeks relief under Article 11.072 from an order that orders community supervision, "the trial judge is the sole finder of fact."  *See Ex parte Torres*, 483 S.W.3d 35, 43 (Tex. Crim. App. 2016) (citing *State v. Guerrero*, 400 S.W.3d 576, 583 (Tex. Crim. App. 2013)).   In habeas corpus proceedings, "[v]irtually every fact finding involves a credibility determination," and "the fact finder is the exclusive judge of the credibility of the witnesses." *Ex parte Mowbray*, 943 S.W.2d 461, 465 (Tex. Crim. App. 1996).  Accordingly, we must afford almost total deference to the habeas court's findings of fact when those findings are supported by the record. *See Torres*, 483 S.W.3d at 43.  "We similarly defer to any implied findings and conclusions supported by the record." *Ex parte Harrington*, 310 S.W.3d 452, 456 (Tex. Crim. App. 2010).  However, we review de novo mixed questions of law and fact that do not depend upon credibility and demeanor. *Ex parte Zantos-Cuebas*, 429 S.W.3d 83, 87 (Tex. App.—Houston [1st Dist.] 2014, no pet.).

## *Findings of Fact*

In its findings of fact, the trial court found:

1. Defendant hired the attorney of his choice, Mr. William Cheadle.

2. Attorney Cheadle's signature appears on the plea papers including the document entitled "Immigration Admonishments."

3. "Immigration Admonishments" are not routinely included in plea papers in the 180th Criminal District Court but are executed only when there is reason to believe that the Defendant is not a citizen of the United States.

4. Applicant's signature appears on the document "Immigration Admonishments" as well as his initials on the various particular warnings.

5. The defendant's initial on clause (1) on "Immigration Admonishments" expressly asserts that he "freely, knowingly, and voluntary [sic] executed this statement."

6. Attorney Cheadle's signature appears on the document "Immigration Admonishments."

7. The attorney signature expressly avows that the attorney has "fully advised the above named defendant regarding the immigration consequences" and that "this document was executed by him/her knowingly and voluntarily."

8. Judge Rains accepted this agreed plea.

9. Judge Brian Rains's signature appears on the document "Immigration Admonishments."

10. The judge's signature expressly states "I have admonished the Defendant of the immigration consequences" and "find that the Defendant's attorney has advised the defendant

regarding immigration consequences" and "further find that the Defendants [sic] is aware of and understands the immigration consequences."

11.  The plea was translated by certified court translator Glenn Dodson.

*Conclusions of Law*

In its conclusions of law, the trial court stated,

1.  Applicant was fully informed of immigration consequences prior to his plea.

2.  Applicant freely and voluntarily entered his plea of guilty.

**Discussion**

In the absence of a reporter's record, an appellate court considering a habeas corpus application will presume that there was evidence to support the trial court's judgment. *In re Mott*, 137 S.W.3d 870, 875 (Tex. App.—Houston [1st Dist.] 2004, orig. proceeding). However, in a proceeding to review a denial of an application for writ of habeas corpus, the applicant still bears the burden of proving that he is entitled to relief by a preponderance of the evidence. *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002).

Applicant has not shown that he is entitled to relief. Applicant seeks habeas relief on the basis that his counsel rendered ineffective assistance of counsel by failing to properly admonish him of the immigration consequences before he entered his guilty plea. In effect, he asserts that he did not voluntarily plead guilty.

6

However, the clerk's record does not include the indictment, the plea agreement, any written admonishments, or the underlying judgment. Nor is there any record of the plea hearing.

Instead, the clerk's record contains the applicant's application for writ of habeas corpus, notice of appeal, and the trial court's certification of defendant's right to appeal. In the information sheet filed by the court reporter, the court reporter informed this Court that there is no reporter's record. In the absence of a reporter's record, a court reviewing the denial of a habeas application presumes there was evidence to support the trial court's judgment. *Ex parte McKeand*, 454 S.W.3d 52, 54 (Tex. App.—Houston [1st Dist.] 2014, no pet.). The application for writ of habeas corpus itself is also not supported by any evidence. Applicant neither filed an affidavit discussing what information his trial counsel gave him regarding immigration, nor did applicant include an affidavit from his trial counsel. *See Ex parte Cummins*, 169 S.W.3d 752, 758 (Tex. App.—Fort Worth 2005, orig. proceeding) (holding that trial court did not abuse discretion in denying habeas after applicant offered no evidence supporting allegations).

Based upon the limited record before us, we conclude that applicant has failed to meet his burden. *See Ex parte Chandler*, 182 S.W.3d 350, 353 n.2 (Tex. Crim. App. 2005) ("It is the applicant's obligation to provide a sufficient record that supports his factual allegations with proof by a preponderance of the evidence.");

*Washington v. State*, 326 S.W.3d 701, 706 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (applicant "bears the burden of ensuring that a sufficient record is presented to show error requiring reversal on appeal."); *see also Ex parte Tovar*, 901 S.W.2d 484, 486 (Tex. Crim. App. 1995) ("An applicant seeking relief from the failure to receive the admonishment required by Art. 26.13(a)(4) must establish that there was no admonishment given consistent with Art. 26.13(a)(4) or otherwise suggesting the possibility of deportation, *and* that the lack of admonishment affected his decision to enter a plea of guilty.").

## Conclusion

We affirm the trial court's order denying appellant's application for writ habeas corpus.

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Jennings and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).