**PHUONG ANH THI LE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 14–08–00582–CR, 14–08–00583–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 13, 2009.

Michael Minh Nguyen, Houston, for appellant.

Donald Rogers, Houston, for appellee.

Panel consists of Justices FROST, BROWN, and BOYCE.

## OPINION

JEFFREY V. BROWN, Justice.

Phuong Anh Thi Le appeals the trial court's denial of her applications for writs of habeas corpus. Ms. Le contends that her current detention and threatened deportation are based upon two unlawful convictions for theft. We affirm.

The record in this case is not well-developed. Le, a Vietnamese immigrant, is a registered alien. From her applications we gather that in 2002, Le pleaded "guilty" to one count of Class A misdemeanor theft. The circumstances surrounding this plea are in dispute, but Le did not appeal the conviction. In 2003, Le pleaded "guilty" to one count of Class B misdemeanor theft. Once again, the circumstances surrounding this plea are unclear, but Le again did not appeal the conviction.

On April 25, 2008, Le filed two applications for writs of habeas corpus—one for each prior conviction. One was filed in Harris County Criminal Court at Law No. 1 and the other was filed in Harris County Criminal Court at Law No. 3. According to the affidavit accompanying Le's applications for writs of habeas corpus, United States Immigration and Customs Enforcement ("ICE") took her into custody after the second conviction and informed her that her two prior convictions were deportable offenses. Le states in her affidavit that she remains in the custody of ICE, and it is from this custody that she seeks relief through her applications for writs of habeas corpus.

On April 30, 2008, Judge Reagan Cartwright Helm of County Criminal Court No. 1 granted the writ filed in that court and ordered the Harris County Sheriff to produce Le in court on May 5, 2008. On May 1, 2008, Harris County Sheriff Tommy B. Thomas filed a return of the writ stating that Le was not in his custody. That same day, Judge Helm signed an order transferring Le's case to County Criminal Court at Law No. 3. On May 27, 2008, Judge Donald W. Jackson of that court signed orders denying both of Le's writs of habeas corpus. It is from Judge Jackson's denials that Le appeals.

Le contends that the trial court erred in denying her writs because her present detention resulted from both the ineffective assistance of her trial counsel as well as one trial judge's failure to properly admonish her in relation to her plea.

■ As a preliminary matter, we must decide whether this court may consider the habeas-corpus appeal of an applicant detained, not by the State of Texas, but by the federal government—in this case, ICE. If a trial court denies relief on the merits, an appellate court has appellate jurisdiction, even if only to determine whether the trial court had jurisdiction. *See Ex parte Schmidt,* 109 S.W.3d 480, 482 (Tex.Crim. App.2003). Because, in this case, the trial court denied the applications in these cases on the merits, we have appellate jurisdiction.

■ The next question becomes whether the trial court had jurisdiction to hear Le's applications for writs of habeas corpus. Article 11.09 allows a party who is confined on a misdemeanor charge to apply for habeas relief. Tex.Code Crim. Proc. Ann. art. 11.09 (Vernon 2005). The term "confined" is defined in article 11.21:

The words "confined", "imprisoned", "in custody", "confinement", "imprisonment", refer not only to the actual, corporeal and forcible detention of a person, but likewise to any coercive measures by threats, menaces or the fear of injury, whereby one person exercises a control over the person of another, and detains him within certain limits.

Tex.Code Crim. Proc. Ann. art. 11.21 (Vernon 2005). The First Court of Appeals has read this requirement broadly to encompass "incarceration, release on bail or bond, release on probation or parole, or any other restraint on 'personal liberty.'" *Ex parte Davis*, 748 S.W.2d 555, 557 (Tex. App.-Houston [1st Dist.] 1988, pet. ref'd). The Court of Criminal Appeals agrees that the term "confined" in article 11.09 does not require actual commitment and that the lack of confinement does not deprive the trial court of habeas jurisdiction. *See Schmidt*, 109 S.W.3d at 482–83.

In *State v. Collazo*, the First Court further defined this standard to include a defendant who is "no longer confined, but is subject to collateral legal consequences resulting from the conviction." 264 S.W.3d 121, 125–26 (Tex.App.-Houston [1st Dist.] 2007, pet. ref'd). The applicant in *Collazo* pleaded "guilty" to the Class A misdemeanor offense of burglary of a motor vehicle in 1998, had his sentence suspended, and was placed on community supervision for two years. *Id.* at 124. After Collazo successfully completed his community-supervision period, the trial court allowed him to withdraw his plea, and dismissed the complaint and information. *Id.* Several years later, the Texas Commission on Law Enforcement Officer Standards and Education ordered Collazzo's expulsion from a law-enforcement training program because, by having a prior conviction for burglary of a motor vehicle, he failed to meet the minimum standards for admission into the program and for obtaining a Texas peace officer's license. *Id.* at 125. Appellee sought relief by filing an application for writ of habeas corpus, alleging that he suffered unlawful, illegal restraint from an unforeseeable legal disability and consequence of his "guilty" plea. *Id.* Further, Collazzo alleged that he did not understand the consequences of his plea and it was thereby rendered involuntary. *Id.* The trial court granted Collazzo's application, and the State appealed that action. *Id.* On appeal, the First Court held that Collazzo was "confined" for the purpose article 11.09 because he had been denied the opportunity to obtain a Texas peace officer's license. *Id.* at 126–27. Further, the court went on to say, "[T]he fact that appellee is not physically confined does not preclude his application or deprive the trial court of jurisdiction to consider it." *Id.* at 126.

Under the reasoning presented in *Collazo*, the fact that Le is not presently held in the custody of the State of Texas does not deprive a Texas trial court of jurisdiction over her habeas applications as long as she faces "collateral legal consequences" resulting from her Texas misdemeanor convictions. *See id.* at 126–27. Le's applications and accompanying affidavit allege that her present ICE detention and potential deportation are based solely on her Texas misdemeanor convictions. Therefore, Judge Jackson's court had jurisdiction to consider Le's applications.[1] Although a state district court may not have

---

1. Other Texas courts have addressed the question whether an applicant in immigration custody or subject to deportation may obtain habeas relief. *See State v. Jimenez*, 987 S.W.2d 886 (Tex.Crim.App.1999); *Meraz v. State*, 950 S.W.2d 739 (Tex.App.-El Paso 1997, no pet.). These courts reached the merits without discussing whether the trial court lacked jurisdiction.

the authority to order Le's release from federal custody,[2] a state court may address a habeas challenge to Le's convictions on the ground that she received ineffective assistance of counsel. *See Thompson v. State*, 9 S.W.3d 808, 813–14 (Tex.Crim. App.1999) (record on direct appeal is usually undeveloped and does not adequately reflect failings of trial counsel); *Ex parte Okere*, 56 S.W.3d 846, 855 (Tex.App.-Fort Worth 2001, pet. ref'd) (writ of habeas corpus is preferred vehicle for ineffective assistance claims).

 Having found that the trial court had jurisdiction to consider Le's applications, we now turn to our review of that court's judgments. The decision to grant or deny an application for writ of habeas corpus is one within the trial court's discretion and may be overturned only if the appellate court finds the trial court abused its discretion. *See Kniatt v. State*, 206 S.W.3d 657, 664 (Tex.Crim.App.2006). In reviewing the trial court's ruling, we view the evidence in the light most favorable to the trial court's ruling. *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex.Crim.App.2003), *overruled on other grounds*, 219 S.W.3d 335 (Tex.Crim.App.2007). The reviewing court must defer to all of the trial court's implied factual findings supported by the record. *Ex parte Wheeler*, 203 S.W.3d 317, 325–26 (Tex.Crim.App.2006).

Le claims that her trial counsel was ineffective for misinforming her about the plea, failing to translate well or to obtain a translator, and failing to admonish her regarding possible immigration consequences. The affidavit of her trial counsel, John Duong, indicates he spoke to Le mainly in Vietnamese, that she never re-quested an interpreter, and that he fully discussed with her the case, the charges, the range of punishment, and the consequences of her plea, and that she never expressed a lack of understanding. In her affidavit, Le claims Duong told her that if she pleaded guilty, she could pay court fees and the case would be dismissed. She also stated that Duong did not tell her she had a right to go to trial, that she would be convicted, the sentence, or the consequences of her plea.

Viewing the evidence in a light most favorable to the trial court and deferring to the trial court's implied findings, we must uphold the trial court's rulings. Duong's affidavit establishes that he did advise Le of the possible sentence and consequences of a "guilty" plea. Duong's affidavit supports the trial court's implied findings that counsel provided effective assistance, and that Le understood the admonishments and did not request a translator. Accordingly, Le was not entitled to relief based on any failure by her counsel or the trial court to advise appellant of immigration consequences of her plea.

For these reasons, we affirm the trial court's judgments.

---

**2.** *See Ex parte Nguyen*, 31 S.W.3d 815, 816–17 (Tex.App.-Dallas 2000, no pet.) (state court is not a court of "competent jurisdiction" to order federal authorities to produce habeas corpus applicant); *accord Ex parte Lopez*, No. 05–00–00879–CR, 2000 WL 1839738, at *2 (Tex.App.-Dallas Dec. 15, 2000, no pet.) (not designated for publication).