**Opinion issued February 23, 2016**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-15-00724-CR

_____

## EX PARTE JUAN RAUL ROJAS, Appellant

---

### On Appeal from the County Criminal Court at Law No. 13
### Harris County, Texas
### Trial Court Case No. 2026966

---

## MEMORANDUM OPINION

Juan Rojas appeals the trial court's denial of his post-conviction application for writ of habeas corpus, arguing that his trial counsel rendered ineffective assistance by failing to conduct an adequate investigation and apprise Rojas of potential defenses.  We affirm.

**Background**

Rojas became a lawful permanent resident of the United States in 2004. On April 29, 2005, Deputy S. Robbennolt found Rojas in his vehicle, stopped in a lane of traffic, and asleep. After performing field sobriety tests, the deputy concluded Rojas was intoxicated and placed him under arrest. An inventory search of the vehicle revealed a small, black plastic bag containing approximately half an ounce of marijuana. Rojas was charged with driving while intoxicated and misdemeanor possession of marijuana. In accordance with a plea bargain, Rojas was sentenced on June 28, 2005 to 40 days in jail.

In May 2015, Rojas filed an application for writ of habeas corpus, claiming his trial counsel rendered ineffective assistance because she failed to adequately investigate the case and apprise him of potential defenses.[1] The State responded and a hearing was held on July 20, 2015. Rojas did not attend as he had been denied re-entry into the United States in 2014 and was detained pending removal proceedings.

As to his claim of ineffective assistance, Rojas argued in his application that, had his trial counsel investigated, she would have learned that the marijuana found

---

[1] Although Rojas has suffered immigration consequences as a result of his plea, he does not challenge the plea under *Padilla v. Kentucky*, 559 U.S. 356, 130 S. Ct. 1473 (2010), because the holding in that case is not retroactively applicable to cases that were final before *Padilla* was decided. *See Chaidez v. U.S.*, 133 S. Ct. 1103, 1113 (2013); *see also Ex parte De Los Reyes*, 392 S.W.3d 675, 679 (Tex. Crim. App. 2013) (declining to allow retroactive application of *Padilla* as a matter of state law).

in Rojas' truck was not his, but belonged to his wife, Scarlet Moran. In an affidavit attached to his application, Rojas averred that Moran hid the marijuana in the center console, failed to retrieve it, and never told Rojas about its presence. Rojas further averred that he told the police and his appointed counsel that the marijuana was not his. Despite this, Rojas asserts counsel advised him that, because the drug was found in his truck, there was no way to fight the case, and she did not investigate further. Rojas maintains he would never have accepted the plea if counsel had explained possible defenses to the charge.

## Jurisdiction

In response to Rojas's application, the State first sought dismissal for lack of jurisdiction on the ground that Rojas failed to allege he was currently confined as a result of the conviction or that removal proceedings have been initiated against him by the Department of Homeland Security. Article 11.09 permits a party who is confined on a misdemeanor charge to seek habeas relief. TEX. CODE CRIM. PROC. ANN. art. 11.09. The term "confined" refers "not only to the actual, corporeal and forcible detention of a person, but likewise to any coercive measures by threats, menaces or the fear of injury, whereby one person exercises a control over the person of another, and detains him within certain limits." *Id.* art. 11.21.

In *State v. Collazo*, 264 S.W.3d 121, 126 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd), a panel of this court held that a defendant is confined within the

3

meaning of article 11.09, even if he is no longer physically confined, but is subject to collateral legal consequences. Collateral legal consequences may be shown where an applicant is detained and may be deported. *Le v. State*, 300 S.W.3d 324, 326 (Tex. App.—Houston [14th Dist.] 2009, no pet.).

Although Rojas admitted he was no longer confined for the misdemeanor conviction, he asserted confinement was not required and attached to his application a Department of Homeland Security form, detailing his detention after being denied admission at the border in Laredo. Because the application indicated Rojas suffered collateral legal consequences from the conviction, this was sufficient to vest the trial court with jurisdiction. *See id.* at 326.

### Discussion

### 1. Standard of Review

The denial of Rojas's application for writ of habeas corpus is one within the trial court's discretion and may be overturned only if we find the trial court abused its discretion. *See Kniatt v. State,* 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). In reviewing the trial court's decision, "we view the evidence in the light most favorable to the trial court's ruling." *Id.* As the reviewing court, we must defer to all of the trial court's implied factual findings supported by the record, *Ex parte Wheeler,* 203 S.W.3d 317, 325–26 (Tex. Crim. App. 2006), and reverse only if we find the trial made an erroneous and arbitrary ruling, or one that cannot be supported

4

by any reasonable view of the record. *See Odelugo v. State*, 443 S.W.3d 131, 137 (Tex. Crim. App. 2014).

### 2. Law Governing Claims of Ineffective Assistance of Counsel

We consider claims of ineffective assistance of counsel under the two-prong test adopted in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). To prevail on an ineffective assistance of counsel claim, appellant must show that (1) counsel's performance was deficient, meaning it fell below an objective standard of reasonableness, and (2) the deficiency prejudiced the defendant, meaning there was a reasonable probability that, but for the counsel's deficient performance, the results of the trial would have been different. *Id.*; *Ex parte Napper*, 322 S.W.3d 202, 246, 248 (Tex. Crim. App. 2010). A reasonable probability is a probability sufficient to undermine confidence in the outcome, meaning that counsel's errors must be so serious that they deprive appellant of a fair trial. *Smith v. State*, 286 S.W.3d 333, 340–41 (Tex. Crim. App. 2009). As we review Rojas's claim of ineffective assistance, we "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065.

### 3.    Analysis

Rojas's claim of ineffective assistance required him to show both that his counsel's performance was deficient and that this prejudiced his defense. *Ex parte Napper*, 322 S.W.3d at 246. Rojas's only proof of deficient performance was his own affidavit and that of his wife, both of which state that Rojas did not knowingly possess the marijuana in the truck's console, and Rojas's statements that counsel never inquired about the owner of the marijuana or discussed the potential immigration consequences of his plea agreement. Rojas's trial counsel did not testify at the hearing or offer an affidavit discussing her representation of Rojas, but the record does include a letter in which she states she does not recall the case and was unable to locate the file.

As the finder of fact and judge of credibility and weight of the evidence, whether presented live or in affidavits, the trial court may accept or reject any of the applicant's assertions supporting a claim of ineffective assistance of counsel as long as a reasonable view of the record can support the trial court's ruling. *See Odelugo*, 443 S.W.3d at 137. Thus, the trial judge could have discredited and rejected Rojas's proof, and reasonably concluded that Rojas failed to rebut the presumption that counsel's conduct falls within the "wide range of reasonable professional assistance," *Strickland*, 466 U.S. at 689, particularly given the lengthy delay in asserting involuntariness of his plea and the fact that he did not raise this claim until

6

after his immigration status was affected. Because we must defer to the trial court's credibility determination, we conclude that Rojas has not shown the trial court abused its discretion in denying relief.

## Conclusion

Having found no abuse of discretion by the trial court in denying relief, we affirm the trial court's judgment.

Rebeca Huddle
Justice

Panel consists of Chief Justice Radack, and Justices Bland and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).