**Opinion issued March 3, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-16-00025-CR

———————————

## EX PARTE AMIR ALI LAKHANI, Appellant

---

**On Appeal from the County Criminal Court at Law No. 1**
**Harris County, Texas**
**Trial Court Case No. 2064887**

---

## MEMORANDUM OPINION

Amir Ali Lakhani appeals the denial of his application for a writ of habeas corpus. He challenges his conviction for assault on a family member on the ground that his initial plea of nolo contendere was involuntary due to coercion.

Finding no abuse of discretion, we affirm the judgment.

**Background**

Lakhani is a citizen of Pakistan who was a lawful permanent resident of the United States. His wife, Anila, filed a police report alleging family violence after an incident at her parents' residence in Houston. She claimed that, after insisting she return to their shared home in Port Arthur, he punched her several times and slapped her. After another witness corroborated the report, Lakhani was charged with assault. *See* TEX. PENAL CODE § 22.01(a)(1).

Lakhani entered a plea of no contest to the offense of assault on a family member. He admits that he orally stated that his plea was knowingly and voluntarily given, though there is no record of the admonishments he received in court. The trial court sentenced him to two days of imprisonment in the county jail.

The U.S. Department of Homeland Security subsequently initiated removal proceedings due to Lakhani's conviction for a crime involving moral turpitude. In response, Lakhani applied to the County Criminal Court at Law No. 1 of Harris County for a writ of habeas corpus, challenging the voluntariness of his plea and claiming that he was restrained because he was subject to deportation proceedings. Lakhani attached an affidavit in support of his writ in which he claimed that he initially intended to contest the charges against him, but he was dissuaded after overhearing a conversation between his attorney and the prosecutor. He alleged that

the prosecutor threatened to file perjury charges against his wife if he continued to trial.

The State responded with affidavits from Lakhani's trial counsel and the prosecutor, as well as a partial transcript of an audio conversation between the prosecutor and his habeas counsel. The prosecutor admitted that she had no specific recollection of what occurred that day in court, but she insisted that she would not have threatened to prosecute Lakhani's wife to compel a plea or prevent her from giving testimony on her husband's behalf. She stated that it was not her habit or practice to threaten a recanting complainant, and that she could state with confidence that she did not threaten Lakhani's wife. Lakhani's trial counsel also stated in his sworn affidavit that the prosecutor never threatened his client or anyone associated with the case.

In the audio recording of a phone call between the prosecutor and Lakhani's current counsel, the prosecutor stated:

> I know it's not in my habit to typically say I'll charge someone perjury. False report to a peace officer . . . yes I probably did say something like that if she was willing to give a statement to something to the contrary under sworn testimony, but I probably did but you know I don't know, I don't know. Like I say, you can't perjure yourself off the stand.

The trial court denied Lakhani's application for a writ of habeas corpus without issuing findings of fact or conclusions of law. Lakhani appealed.

**Analysis**

## I.    Jurisdiction

As an initial matter, we consider whether the trial court had jurisdiction to hear Lakhani's application for a writ of habeas corpus and whether we have appellate jurisdiction as a result. A county court may issue a writ of habeas corpus "in any case in which the constitution has not conferred the power on the district courts." TEX. GOV'T CODE § 26.047(a); *see also Ex parte Schmidt*, 109 S.W.3d 480, 483 (Tex. Crim. App. 2003). Article V, section 16 of the Texas Constitution, Section 25.0003(a) of the Government Code, and Article 11.05 of the Code of Criminal Procedure give the statutory county court at law the power to issue a writ of habeas corpus "when a person is restrained by an accusation or conviction of misdemeanor." *Schmidt*, 109 S.W.3d at 483; *see also Ex parte Ali*, 368 S.W.3d 827, 831 (Tex. App.—Austin 2012, pet. ref'd).

The Code of Criminal Procedure broadly defines "restraint" in the habeas corpus context to mean "the kind of control which one person exercises over another, not to confine him within certain limits, but to subject him to the general authority and power of the person claiming such right." TEX. CODE CRIM. PROC. art. 11.22. Moreover, the "writ of habeas corpus is intended to be applicable to all such cases of confinement and restraint, where there is no lawful right in the person exercising the power, or where, though the power in fact exists, it is exercised in a manner or

4

degree not sanctioned by law." *Id*. art. 11.23. Accordingly, habeas corpus relief may be sought by defendants who are subject to collateral legal consequences resulting from a conviction. *See, e.g.*, *Ali*, 368 S.W.3d at 831; *State v. Collazo*, 264 S.W.3d 121, 125–26 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). This includes immigrants who face consequences such as deportation arising from their misdemeanor convictions. *See Phuong Anh Thi Le v. State*, 300 S.W.3d 324, 326 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (finding jurisdiction to address habeas claims when pending deportation was "based solely on . . . Texas misdemeanor convictions"). While a county court hearing a habeas writ cannot order the petitioner's release from the U.S. Immigration and Customs Enforcement's custody, it can nonetheless address the underlying habeas corpus challenge. *Id.* at 326–27.

The county court at law had jurisdiction to hear Lakhani's habeas corpus application and decided it on the merits. *See id.* Accordingly, this court has appellate jurisdiction. *See* TEX. R. APP. P. 33.1; *see also Schmidt*, 109 S.W.3d at 482.

## II.    Review of denial of habeas relief

Having confirmed our jurisdiction over this appeal, we review the judgment of the trial court. "An appellate court reviewing a trial court's ruling on a habeas claim must review the record evidence in the light most favorable to the trial court's ruling and must uphold that ruling absent an abuse of discretion." *Kniatt v. State*,

206 S.W.3d 657, 664 (Tex. Crim. App. 2006). A reviewing court must "defer to the trial court's implied factual findings that are supported by the record, even when no witnesses testify and all of the evidence is submitted in written affidavits." *Ex parte Wheeler*, 203 S.W.3d 317, 325–26 (Tex. Crim. App. 2006). When there are two permissible views of the evidence, the trial court's choice between them cannot be clearly erroneous. *See Manzi v. State*, 88 S.W.3d 240, 243 (Tex. Crim. App. 2002) (en banc). The appellate court must "sustain the lower court's ruling if it is reasonably supported by the record and is correct on any theory of law applicable to the case." *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006).

"An applicant seeking habeas corpus relief on the basis of an involuntary guilty plea must prove his claim by a preponderance of the evidence." *Kniatt*, 206 S.W.3d at 664. A guilty plea constitutes a waiver of three constitutional rights: the right to a jury trial, the right to confront one's accusers, and the right not to incriminate oneself. *Id.*; *Collazo*, 264 S.W.3d at 127. As a result, a guilty plea must be entered knowingly, intelligently, and voluntarily in order to comport with due process of law. *Kniatt*, 206 S.W.3d at 664 (citing *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S. Ct. 1709, 1712 (1969) and *Brady v. United States*, 397 U.S. 742, 755, 90 S. Ct. 1463, 1472 (1970)).

A guilty plea is "void if induced by promises or threats which deprived it of the character of a voluntary act." *Ex parte Williams*, 704 S.W.2d 773, 781 (Tex.

6

Crim. App. 1986) (en banc). However, both the State and the defendant are given "great latitude" in creating the terms of a plea agreement. *State v. Moore*, 240 S.W.3d 248, 251 (Tex. Crim. App. 2007); *Torrez v. State*, 925 S.W.2d 361, 362 (Tex. App.—Fort Worth 1996, no pet.) (a plea was not automatically involuntary when its terms included dismissal of charges against a family member in exchange for the agreement).

Lakhani argues that the prosecutor could not have probable cause to threaten his wife with charges of perjury because she had not yet taken the stand and had no opportunity to perjure herself. He argues that because there was no probable cause for these charges, this statement had to have been improper coercion that would render his plea involuntary. However, we need not reach the issue of whether Lakhani's version of the events constituted improper coercion, as a reasonable view of the record supports the county court at law's implied finding that the prosecutor did not threaten him or his wife.

The only evidence that the prosecutor threatened Lakhani's wife with prosecution for perjury was Lakhani's own affidavit. "The trial court is free to disbelieve an affidavit, especially one unsupported by live testimony." *Riley v. State*, 378 S.W.3d 453, 457 (Tex. Crim. App. 2012). Lakhani claims that the prosecutor admitted that she may have threatened to bring perjury charges. However, in the audio transcript, the prosecutor acknowledged only potential charges of false report

7

to a police officer. This discussion was predicated on the possibility that Mrs. Lakhani might take the stand in her husband's defense, rather than a baseless threat of prosecution for perjury that would coerce Mr. Lakhani into a plea agreement. The prosecutor's affidavit also stated that she would not threaten a recanting complainant with perjury, and Lakhani's own trial counsel stated that the prosecutor did not threaten either Lakhani or his wife. As the trier of fact, the county court of law was entitled to evaluate these affidavits and could permissibly rule against Lakhani based on a reasonable view of this record. *See id.*

The evidence in the record supports the county court at law's implied finding of historical fact that the prosecutor did not improperly threaten or coerce Lakhani into signing his plea agreement. We defer to these findings accordingly. *See Wheeler*, 203 S.W.3d at 325–26. Viewing the evidence in the light most favorable to the trial court's ruling and deferring to all of the trial court's implied factual findings that are supported by the record, we find that the county court did not abuse its discretion by denying Lakhani a writ of habeas corpus. *See id.*; *Kniatt*, 206 S.W.3d at 664. Accordingly, we affirm.

## Conclusion

We affirm the judgment.

Michael Massengale
Justice

Panel consists of Justices Jennings, Massengale, and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).