**Opinion issued April 5, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00824-CR

———————————

## EX PARTE DONALD WAYNE HEROD

---

**On Appeal from the County Criminal Court at Law No. 8**
**Harris County, Texas**
**Trial Court Case No. 782792**

---

## MEMORANDUM OPINION

On October 12, 1984, pursuant to a plea agreement with the State, appellant

Donald Wayne Herod was convicted and sentenced to fifteen days in jail for the

misdemeanor offense of driving while intoxicated.[1] On December 23, 2014, Herod

---

[1] TEX. PENAL CODE ANN. § 49.04 (West Supp. 2015) (providing elements for offense of driving while intoxicated).

filed a pro se "Motion for Application of Article 11.073 Writ of Habeas Corpus" in the trial court claiming that there was insufficient evidence demonstrating his intoxication in 1984. On March 9, 2015, Herod filed in the trial court a related pro se "Motion for Leave to Proceed Under Chapter 11 of the Code of Criminal Procedure Under Article 11.073 Writ of Habeas Corpus Based on Relevant Scientific Evidence 'Blood Sample.'" In this filing, Herod alleges that (1) after he was arrested for driving while intoxicated in 1984, the police failed to perform any tests and (2) even though Herod told the officer that he was invoking his Fifth Amendment right to refuse any test, statutes required a blood sample when a person refuses testing. Herod claims that, had a blood sample been taken despite his refusal, it would have shown no alcohol in his body. On April 21, 2015, Herod filed another related pro se habeas application in the trial court similarly asserting that the police were required to take a blood sample despite his refusal.

On August 3, 2015, before the trial court ruled upon the habeas application, Herod filed a pro se notice of appeal. The trial court subsequently denied Herod's habeas application on September 24, 2015.

To the extent that Herod's August 3, 2015 notice of appeal seeks to appeal his 1984 judgment of conviction, his appeal is untimely. *See* TEX. R. APP. P. 26.2(a)(1). To the extent that Herod prematurely appealed the trial court's September 24, 2015

2

denial of his habeas application, we affirm the trial court's denial for the reasons below. *See* TEX. R. APP. P. 27.1(b).

## CONFINEMENT

### I. Applicable Law

An applicant for habeas relief bears the burden of proof as to his application. *See Ex parte Galvan*, 770 S.W.2d 822, 823 (Tex. Crim. App. 1989); *see also Ex parte Thomas*, 906 S.W.2d 22, 24 (Tex. Crim. App. 1995) (applicant for writ of habeas corpus bears burden to prove factual allegations by preponderance of evidence).

As part of this burden, an applicant must demonstrate that he is currently unlawfully confined or otherwise restrained. *State v. Collazo*, 264 S.W.3d 121, 126 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd); *see also* TEX. CODE CRIM. PROC. ANN. art. 11.01 (West Supp. 2015) (specifying that "[t]he writ of habeas corpus is the remedy to be used when any person is restrained in his liberty"); TEX. CODE CRIM. PROC. ANN. art. 11.23 (West Supp. 2015) (stating that "[t]he writ of habeas corpus is intended to be applicable to all such cases of confinement and restraint, where there is no lawful right in the person exercising the power, or where, though the power in fact exists, it is exercised in a manner or degree not sanctioned by law"); *Ex parte Schmidt*, 109 S.W.3d 480, 481–83 (Tex. Crim. App. 2003). The Legislature has broadly defined the terms "confined" and "restraint." *See* TEX. CODE CRIM.

PROC. ANN. art. 11.21 (West Supp. 2015) (stating that "confined" refers "not only to the actual corporeal and forcible detention of a person, but likewise to any coercive measures by threats, menaces or the fear or injury, whereby one person exercises a control over the person of another, and detains him within certain limits"); *id*. art. 11.22 (West Supp. 2015) (stating that "restraint" means "the kind of control which one person exercises over another, not to confine him within certain limits, but to subject him to the general authority and power of the person claiming such right"). Collateral consequences, such as the use of the conviction to enhance punishment in other cases, may constitute confinement. *Tarvin v. State*, 01–08–00449–CR, 2011 WL 3820705, at *3 (Tex. App.—Houston [1st Dist.] Aug. 25, 2011, no pet.) (mem. op., not designated for publication).

The applicant must also establish that the confinement or restraint is a result of the conviction that he challenges in his habeas application. *See Le v. State*, 300 S.W.3d 324, 326 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (habeas applicant must establish that collateral legal consequences resulted from her Texas misdemeanor convictions); *Collazzo*, 264 S.W.3d at 125–26 (defendant may attack a misdemeanor conviction provided he is confined, restrained, or subject to collateral legal consequences resulting from conviction he attacks).

**II.    Analysis**

In this case, Herod's habeas application does not allege that he is confined, restrained, or otherwise subject to any collateral legal consequences as a result of the 1984 misdemeanor conviction from which he seeks habeas relief. Because Herod does not allege or identify how he is confined or restrained by the 1984 conviction from which he seeks habeas relief, Herod's habeas application fails to state a cognizable claim. *See Ex parte O'Neal*, No. 09-15-00229-CR, 2015 WL 5604623, at *5 (Tex. App.—Beaumont Sept. 23, 2015, pet. ref'd) (mem. op., not designated for publication).

Further, our review of the record does not reveal any current confinement or restraint related to the 1984 conviction. Herod is currently incarcerated and serving a fifty-year sentence for an unrelated judgment of conviction for driving while intoxicated.  This conviction was enhanced by two prior driving while intoxicated convictions, on November 17, 1993 and September 8, 1987. *See Herod v. State*, No. 01-08-00908-CR, 2010 WL 1981577, at *1-2 (Tex. App.—Houston [1st Dist.] May 13, 2010, pet. ref'd); *see also* TEX. PENAL CODE ANN. § 49.09(b)(2) (West Supp. 2015) (offense of driving while intoxicated is third-degree felony if defendant previously convicted "two times of any other offense relating to the operating of a motor vehicle while intoxicated . . . ."). This Court affirmed Herod's conviction and sentence on appeal. *See Herod*, 2010 WL 1981577 at *1-2. The 1984 conviction

5

underlying this habeas petition was not one of the two convictions used to enhance Herod's conviction and the sentence for which he is currently confined. *See id.* at *1-2. Because his confinement is neither the result, nor a collateral consequence of, the 1984 misdemeanor conviction, the trial court properly denied Herod's request for habeas relief. *See Le*, 300 S.W.3d at 326; *Collazzo*, 264 S.W.3d at 125–26.

## CONCLUSION

We hold that the trial court did not err in denying Herod's habeas application because it fails to allege or demonstrate any confinement or restraint arising from the 1984 conviction. Accordingly, we affirm the order of the trial court.

## PER CURIAM

Panel consists of Justices Bland, Brown, and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).