**Opinion issued March 12, 2019**



**In The**

# Court of Appeals

**For The**

# First District of Texas

————————————

**NO. 01-18-00388-CR**

————————————

## EX PARTE GABRIELLA IZQUIREDO, Appellant

---

**On Appeal from County Criminal Court at Law No. 5
Harris County, Texas
Trial Court Case No. 2097999A**

---

## MEMORANDUM OPINION

Appellant, Gabriella Izquiredo, appeals from the trial court's denial of her

application for a post-conviction writ of habeas corpus.[1] In her application,

appellant argues that (1) she received ineffective assistance of counsel because her

---

[1] *See* TEX. CODE CRIM. PROC. art. 11.072 (providing that person convicted on misdemeanor charge may apply for writ of habeas corpus to seek relief from judgment of conviction ordering community supervision).

trial counsel failed to advise her of the potential immigration consequences and that, as a result, (2) her guilty plea was involuntary.

We affirm.

## Background

In March 2017, appellant pleaded guilty to prostitution,[2] and the trial court sentenced her to community supervision for seven months. Jose Cantu, Jr., appellant's counsel on the prostitution charge, acknowledged on the plea that he explained all matters to appellant, including applicable immigration consequences. Additionally, the plea reflects that appellant told the trial court that appellant was a United States citizen. After appellant completed the full term of her order, the court discharged her from community supervision on October 27, 2017.

Appellant filed an application for a writ of habeas corpus challenging the voluntariness of her guilty plea based on ineffective assistance of counsel. Both of her arguments rest on the same premise: that her trial counsel did not inform her of the immigration consequences associated with her guilty plea.[3] Appellant notes that a prostitution conviction results in a finding by the U.S. Department of Homeland Security ("DHS") of a lack of good moral character. Because she is not

---

[2]     TEX. PENAL CODE § 43.02.

[3]     In *Padilla v. Kentucky*, the United States Supreme Court held that "counsel must inform her client whether his plea carries a risk of deportation." 559 U.S. 356, 374 (2010).

a citizen and because her attorney did not inform her of the immigration consequences, appellant concludes that Cantu failed to meet prevailing professional standards.[4]  She also included an affidavit, stating that she resides in the country pursuant to a T-Visa and that Cantu did not advise her that a guilty plea to prostitution would result in her deportation by DHS.  Finally, appellant stated that, had Cantu informed her of the possible immigration consequences, she would have exercised her right to a jury trial.

The trial court ordered Cantu to submit an affidavit describing his advice to appellant.  Although the record does not indicate that counsel ever filed an affidavit, the record does contain an e-mail in which Cantu claimed that he advised appellant of "the consequences," that appellant agreed to plead guilty because she wanted to "get the case over with," and that appellant told Cantu that she was a United States citizen.

On March 6, 2018, the trial court denied appellant's application.  Appellant filed a notice of appeal and requested that the trial court make findings of fact and conclusions of law.  The trial court issued its findings on April 3, 2018.

---

[4]  *See Ex parte Okonkwo*, No. 14–14–00835–CR, 2015 WL 5092433, at *3 (Tex. App.—Houston [14th Dist.] Aug. 27, 2015, pet. ref'd) (mem. op., not designated for publication) ("Because potential deportation is a collateral consequence, applicant is confined or under restraint for habeas-corpus purposes and may seek habeas-corpus relief even though he is no longer subject to community supervision.").

**Standard of Review and Applicable Law**

When reviewing a trial court's ruling on a habeas application, we view the facts in the light most favorable to the trial court's ruling. *Ex parte Duque*, 540 S.W.3d 136, 145 (Tex. App.—Houston [1st Dist.] 2017, no pet.). Absent an abuse of discretion, we will not interfere. *Id.* A trial court abuses its discretion only when its decision is outside the zone of reasonable disagreement. *Bigon v. State*, 252 S.W.3d 360, 367 (Tex. Crim. App. 2008).

In a habeas application, the trial judge is the sole finder of fact. *Ex parte Torres*, 483 S.W.3d 35, 43 (Tex. Crim. App. 2016). Accordingly, it is the trial court's responsibility to credit or disregard evidence. *Ex parte Aguilera*, 540 S.W.3d 239, 249–50 (Tex. App.—Houston [1st Dist.] 2018, no pet.) (citing *Ex parte Obi*, 446 S.W.3d 590, 598–99 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd). Every finding requires a credibility determination and the trial court is the exclusive judge of credibility. *Ex parte Mowbray*, 943 S.W.2d 461, 465 (Tex. Crim. App. 1996). Accordingly, we must afford almost total deference to the habeas court's findings of fact when those findings are supported by the record. *Torres*, 483 S.W.3d at 35. We additionally defer to all implied factual findings. *Phuong Anh Thi Le v. State*, 300 S.W.3d 324, 327 (Tex. App.—Houston [14th Dist.] 2009, no pet.). However, we review *de novo* mixed questions of fact and law that do not depend on credibility. *Ex parte Duque*, 540 S.W.3d at 145.

4

An applicant seeking habeas corpus relief based on an involuntary guilty plea must prove his claim by a preponderance of the evidence. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). When we review a trial court's ruling on a habeas application, in the absence of a reporter's record, we presume that there was evidence to support the trial court's judgment. *In re Mott*, 137 S.W.3d 870, 875 (Tex. App.—Houston [1st Dist.] 2004, orig. proceeding). Furthermore, "it is the applicant's obligation to provide a sufficient record that supports his factual allegations with proof by a preponderance of the evidence." *Ex parte Chandler*, 182 S.W.3d 350, 353 n. 2 (Tex. Crim. App. 2005).

An appellant is entitled to post-conviction habeas relief if (1) counsel's performance was deficient, in that it fell below an objective standard of reasonableness and (2) the applicant was prejudiced as a result of counsel's errors, in that, but for those errors, there is a reasonable probability of a different outcome. *Torres*, 483 S.W.3d at 43 (citing *Strickland v. Washington*, 446 U.S. 668, 687 (1984)).

### The Habeas Court's Findings and Conclusions

In its findings of fact, the trial court stated:

4. The Court finds that Jose Cantu filed an email response to the applicant's allegation that Cantu was ineffective in his representation of the applicant.

5. The Court finds that the email response of Jose Cantu is credible and that the facts asserted therein are true.

5

6. The Court finds based on the credible email of Jose Cantu that Applicant advised Cantu that she was a citizen of the United States.

7. The Court finds the plea papers indicate that Applicant told Judge Pam Derbyshire who accepted the plea that she was a citizen of the United States.

. . .

9. The Court finds based on the credible email response of Jose Cantu that the applicant was advised of the consequences but did not care because she was getting married and just wanted to get the case over with.

. . .

(internal citations omitted).

In its conclusions of law, the trial court stated:

1. The applicant fails to establish that if she had been aware that pleading guilty to the primary case would have led to the initiation of removal proceedings that she would not have pled.

2. The applicant fails to show that counsel's conduct fell below an objective standard of reasonableness and that, but for the trial counsel's alleged deficient conduct, there is a reasonable probability that the result of the proceedings would have been different.

3. The totality of the representation afforded the applicant was sufficient to protect her right to reasonably effective assistance of counsel in the primary case.

4. The applicant fails to show that her guilty plea was unlawfully induced, made involuntarily, or made without an understanding of the nature of the charge against her and the consequences of h[er] plea.

5. The applicant fails to overcome the presumption that her guilty plea was knowingly and voluntarily made.

6

6.    The applicant fails to overcome the presumption of regularity concerning a guilty plea.

7.    In all things, the applicant has failed to demonstrate that her conviction was improperly obtained.

(internal citations omitted).

## Analysis

Appellant asserts that she was not informed of the immigration consequences of pleading guilty. She therefore concludes that she received ineffective counsel and her guilty plea was involuntary. We disagree.

Although appellant states in her affidavit that she resides in the United States pursuant to a T-Visa, the trial court found that she told Cantu and the trial court that she was a U.S. citizen. Cantu's e-mail informed the trial court that appellant told him that she was a citizen, that he advised her of the consequences, and that "she did not care because she said she was getting married and just wanted to get the case over with." Likewise, the guilty plea form indicates that appellant informed the trial court that she was a U.S. citizen. We defer to the trial court's findings of fact if they are supported by the record. *Torres*, 483 S.W.3d at 35.

Here, the record supports the trial court's findings that appellant told trial counsel and the trial court that she was a U.S. citizen. Because the record supports the trial court's findings, appellant's counsel was not aware of a need to advise appellant of the immigration warnings and any failure to give them does not rise to the level of deficient performance. *See Padilla*, 559 U.S. at 367–69 (holding that

7

*non-citizens* must be warned of immigration consequences associated with offense in question) (emphasis added); *Ex parte Pinnock*, No. 14-17-00591-CR, 2018 WL 2106615, at \*4 (Tex. App.—Houston [14th Dist.] May 8, 2018, no pet.) (holding that appellant failed to show deficient performance when appellant told his counsel that he was U.S. citizen).

Even if appellant's counsel had a duty to inform appellant of the immigration consequences, the trial court found that appellant received such warnings. In his e-mail, Cantu stated that he warned appellant of the consequences. In its findings, the trial court found that Cantu's e-mail response was credible. The record therefore supports the trial court's finding that appellant was warned of the applicable immigration consequences. *See Aguilera*, 540 S.W.3d at 248 (holding that, when appellant and trial counsel offer conflicting evidence whether counsel warned appellant of immigration consequences, if habeas court believes trial counsel, and if record supports court's finding, appellate court must defer to habeas court's finding). Although appellant stated in her affidavit that she was not advised of any immigration consequences, the trial court could disregard this evidence and believe appellant's counsel's statement that he did advise her as to the immigration consequences. *See Ex parte Mowbray*, 943 S.W.2d at 465 (stating that in habeas hearings, judge determines credibility of

8

witnesses and if habeas judge's findings of fact are supported by record, they should be accepted by appellate court).

Because appellant fails the first prong of the *Strickland* analysis, we do not consider whether appellant was prejudiced by Cantu's alleged deficient performance. *See Perez v. State*, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010). Likewise, it is unnecessary for us to address whether Cantu entered an involuntary plea because her argument was premised on her counsel's deficient performance, which she has not shown. *See* TEX. R. APP. P. 47.1. We conclude that appellant has failed to meet her burden to show that she is entitled to habeas relief. Accordingly, the trial court did not abuse its discretion when it denied appellant's application for a writ of habeas corpus.

## Conclusion

We affirm the trial court's order denying appellant habeas corpus relief. We dismiss any pending motions as moot.

## PER CURIAM

Panel consists of Chief Justice Radack and Justices Goodman and Countiss.

Do not publish. *See* TEX. R. APP. P. 47.2(b).

9