

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00466-CR
No. 02-20-00046-CR
No. 02-20-00047-CR

_____

Ex parte Eligah Darnell Jr.

On Appeal from the 432nd District Court
Tarrant County, Texas
Trial Court No. 1575071D

Before Bassel, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Womack

# MEMORANDUM OPINION

## I. INTRODUCTION

In these three companion cases, pro se appellant Eligah Darnell Jr. appeals the trial court's orders denying (1) his application for pretrial writ of habeas corpus wherein Darnell made an "as applied" constitutional challenge to Texas Code of Criminal Procedure Article 62.055 (appellate cause number 02-19-00466-CR);[1] (2) his "Supplement to Pre-Trial Writ" wherein he made facial and as-applied constitutional challenges to Article 62.055 (appellate cause number 02-20-00046-CR); and (3) his pretrial writ of habeas corpus seeking bond reduction (appellate cause number 02-20-00047-CR). We affirm.

## II. BACKGROUND

The record is sparse in these cases, and most of what is known in these cases comes from documents attached to Darnell's notices of appeal (NOA) or through what he pleaded in his writs. What can be established from the record is that the State indicted Darnell for failure to comply with sex-offender-registration requirements. The State's indictment also contains a habitual-offender notice stating that prior to his failure to register, Darnell was previously convicted of failure to comply with sex-offender-registration requirements and felony possession of a handgun on the premises of a school.

---

[1]*See* Tex. Code Crim. Proc. Ann. art. 62.055 (requiring registered sex offenders to notify local law enforcement of any anticipated move date and new address).

According to documents attached to his NOA, Darnell called and rescheduled an October 16, 2018 appointment when he was supposed to report that he had moved to a new address, and he was more than an hour late to his rescheduled November 15, 2018 appointment. These documents further reveal that his appointment to register his new address was then rescheduled again for November 28, 2018. Nothing in the record or the NOA documents indicates whether Darnell attended the November 28, 2018 appointment. But an arrest warrant attached to Darnell's NOA shows that police obtained a warrant for Darnell's arrest on December 6, 2018. The indictment that is in the record indicates that the date of his offense occurred on December 5, 2018. Darnell is currently in jail awaiting trial, allegedly being held under a $25,000 bail.

After being arrested, Darnell filed three separate pretrial writs of habeas corpus. In his first writ, Darnell challenged the constitutionality of Article 62.055 as applied to him. He later filed a "Supplement to Pre-Trial Writ" wherein he made facial and the same as-applied constitutional challenges to Article 62.055. In both instances, the trial judge signed hand-written orders prepared by Darnell, one of which the trial court modified to reflect that it was specifically denying the "Supplement to Pre-Trial Writ," and the other the trial court signed unaltered reflecting that it was denying Darnell's initial writ.

Rather than there being an order in the record regarding his third writ titled "Application for Writ of Habeas Corpus Bond Reduction," wherein Darnell sought

bail reduction, the record contains only a "Certificate of Proceedings" which is signed by the magistrate and states in the proceeding field, "WITNESS SWORN [Darnell]: AFTER CONSID ARGMNTS, RSK ASSMNT, HSTRY&CHRG; MOTION TO REDUCE BAIL IS DENIED." Darnell now appeals the denials of all three of his writs.

### III. DISCUSSION

In general, we review a trial court's ruling on an application for writ of habeas corpus under an abuse-of-discretion standard. *Phuong Anh Thi Le v. State*, 300 S.W.3d 324, 327 (Tex. App.—Houston [14th Dist.] 2009, no pet.). Under this standard, we view any evidence in the light most favorable to the trial court's ruling, and we defer to implied factual findings supported by the record. *Id.* This same standard applies to our review of a trial court's ruling on the setting of bail amount. *See Ex parte Rubac*, 611 S.W.2d 848, 850 (Tex. Crim. App. 1981); *Milner v. State*, 263 S.W.3d 146, 147 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

### A.     As Applied Challenge to Article 62.055

In his first writ, Darnell argued that Article 62.055 was unconstitutional as applied to him. We conclude that the trial court did not abuse its discretion by denying the writ.

The Texas Court of Criminal Appeals has held that pretrial habeas, followed by an interlocutory appeal, is an extraordinary remedy. *Ex parte Perry*, 483 S.W.3d 884, 895 (Tex. Crim. App. 2016). A claim that a statute is unconstitutional "as applied" is a

4

claim that the statute, although generally constitutional, operates unconstitutionally as to the claimant because of his particular facts and circumstances. *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 910 (Tex. Crim. App. 2011); *Gillenwaters v. State*, 205 S.W.3d 534, 536 n.3 (Tex. Crim. App. 2006). Consequently, with exceptions that are not present in this case, an as-applied constitutional challenge typically may not be resolved pretrial because it depends on development of the specific facts of the case showing how the statute is being applied to the defendant. *See Lykos*, 330 S.W.3d at 910 ("An 'as applied' challenge is brought during or after a trial on the merits, for it is only then that the trial judge and reviewing courts have the particular facts and circumstances of the case needed to determine whether the statute or law has been applied in an unconstitutional manner."); *Ex parte Walsh*, 530 S.W.3d 774, 781 (Tex. App.—Fort Worth 2017, no pet.) (holding that, under *Perry*, because applicant was not a government official, he could not challenge the allegedly unconstitutional acts of government officials via pretrial writ of habeas corpus); *see also Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005) ("[T]he accused may challenge the manner of his pretrial restraint, i.e., the denial of bail or conditions attached to bail."); *Ex parte Weise*, 55 S.W.3d 617, 619 (Tex. Crim. App. 2001) ("[A]n applicant may use pretrial writs to assert his or her constitutional protections with respect to double jeopardy.").

In his first writ, Darnell claimed that Article 62.055 is unconstitutional as applied to him because the police department's policy of rescheduling a sex-offender registrant's appointment when they have showed up late "systematically denie[d him]

due process." But Darnell has not claimed that this right is equivalent to any known exception to the general rule that as-applied constitutional challenges typically may not be resolved pretrial. Indeed, despite the little information that Darnell has provided, he cannot claim that a record has been developed demonstrating specific facts of his case that show how Article 62.055 is being applied to him. *See Lykos*, 330 S.W.3d at 910. We hold that the trial court did not abuse its discretion by denying Darnell's pretrial writ for habeas corpus.

## B.    Facial Challenge to Article 62.055

In his "Supplement to Pre-Trial Writ," in addition to echoing the as-applied challenge addressed above, Darnell argued that Article 62.055 is facially unconstitutional. A claim that a statute is unconstitutional on its face may be raised by pretrial writ of habeas corpus because the invalidity of the statute would render the charging instrument void. *Ex parte Flores*, 483 S.W.3d 632, 638 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd). To invalidate a statute as facially unconstitutional, the defendant must show that the statute is unconstitutional in all of its applications. *Ex parte Ellis*, 309 S.W.3d 71, 80 (Tex. Crim. App. 2010). As mentioned above, pretrial habeas may not be used to advance an "as applied" challenge to a statute. *Id.* at 79. If a claim is designated as a facial challenge but is actually a challenge to a particular application of the statute, courts should refuse to consider the merits of the claim. *Id.* at 80.

6

Here, even though Darnell designated his supplemental claim as a facial challenge to Article 62.055, Darnell in fact made an as-applied challenge to the constitutionality of Article 62.055. Indeed, in his supplemental writ, after expressing that Article 62.055 is "facially unconstitutional," he proceeded to explain how he was prevented from complying with Article 62.055 because of the police department's policy of rescheduling sex-offender registrants who do not timely show for their appointments and how the policy was enforced in his case to deny him the right to register his moving address. Thus, Darnell in fact is making an as-applied challenge to the statute. *Id.* As explained above, Darnell cannot bring his as-applied challenge to Article 62.055. Moreover, Darnell does not attempt to show that Article 62.055 is unconstitutional in all of its applications. *See id.* Therefore, the trial court did not abuse its discretion by denying Darnell's supplemental writ.

## C.  Bond Reduction

In his "Application for Writ of Habeas Corpus Bond Reduction," Darnell sought to have the trial court reduce his bail amount from $25,000 to $7,000. In his application, Darnell stated that he "has no financial resources," but he did not otherwise explain why he has no financial resources or how he would have the resources to afford being able to post bail through a bondsman in the amount of $7,000.

As noted earlier, the record does not contain a signed order denying Darnell's "Application for Writ of Habeas Corpus Bond Reduction." The only document in

the record indicating that the trial court heard Darnell's writ for bond reduction is the certificate of proceedings signed by the magistrate which states that Darnell's "MOTION TO REDUCE BAIL IS DENIED."

This court has previously determined that we did not have jurisdiction under similar circumstances. *See Langlais v. State*, No. 02-17-00248-CR, 2017 WL 4296447, at *1 (Tex. App.—Fort Worth Sept. 28, 2017, no pet.) (mem. op., not designated for publication). In *Langlais*, even though the defendant had filed a pretrial "Motion to Reduce Bond and Application for Writ of Habeas Corpus" and the record contained a "Certificate of Proceedings" denying the filing, this court expressed concerns that the record did not demonstrate that the trial court had signed a formal, appealable order. *Id.* This court also expressed concerns regarding the title of Langlais's filing being labeled as a motion. *Id.* Ultimately, this court dismissed the appeal "for want of jurisdiction for want of a signed, written order." *Id.*

In this case, this court detects the same two potential problems. First, this court can find no authority to support the proposition that a signed "Certificate of Proceedings" can be treated as a formal order for purposes of appeal. *See State v. Wachtendorf*, 475 S.W.3d 895, 904 (Tex. Crim. App. 2015). Second, the certificate states that the court was denying Darnell's "MOTION TO REDUCE BAIL" and does not state that it was denying Darnell's "Application for Writ of Habeas Corpus Bond Reduction." *See Bridle v. State*, 16 S.W.3d 906, 907–08 (Tex. App.—Fort Worth 2000, no pet.); *see also Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991)

8

("The courts of appeals do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by law."). Thus, in accordance with this court's decision in *Langlais*, we conclude that we do not have jurisdiction to address Darnell's appeal regarding his "Application for Writ of Habeas Corpus Bond Reduction."

But even assuming that the certificate of proceedings signed by the magistrate is a formal, appealable order and that the trial court's recitation that it was denying a "motion" was a misstatement and the trial court did in fact deny Darnell's writ seeking bail reduction, we cannot conclude that the magistrate abused its discretion by denying his writ.

A defendant who seeks a reduction in the amount of bail has the burden of proof to demonstrate that it is excessive. *Maldonado v. State*, 999 S.W.2d 91, 93 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd). A writ applicant has the burden to ensure that a sufficient record is presented to show error requiring reversal. *See Ex parte Kimes*, 872 S.W.2d 700, 703 (Tex. Crim. App. 1993). An appellate court may not reduce the trial court's bail amount unless the applicant has satisfied this burden. *Ex parte Welch*, 729 S.W.2d 306, 310 (Tex. App.—Dallas 1987, no pet.).

Here, the record indicates that there is not a reporter's record of any hearing wherein the magistrate considered Darnell's "Application for Writ of Habeas Corpus Bond Reduction." The only indication regarding what evidence the magistrate might have considered is the line from the certificate of proceedings stating, "WITNESS

9

SWORN [Darnell]: AFTER CONSID ARGMNTS, RSK ASSMNT, HSTRY&CHRG; MOTION TO REDUCE BAIL IS DENIED." In short, Darnell has failed to ensure that a sufficient record is presented showing this court an error requiring reversal. *Kimes*, 872 S.W.2d at 703. We conclude that Darnell has failed to carry his burden to demonstrate that the magistrate abused its discretion by denying his "Application for Writ of Habeas Corpus Bond Reduction."

**D.  Motion to Stay**

Darnell has also filed a "Motion to Stay" the trial court proceedings below while this court addressed these appeals. We deny that motion.

**IV. CONCLUSION**

Having concluded that the trial court did not abuse its discretion by denying Darnell's pretrial writ of habeas corpus and his supplemental pretrial writ, and having concluded that either we do not have jurisdiction to review the alleged denial of his "Application for Writ of Habeas Corpus Bond Reduction" or, in the alternative, that Darnell has failed to carry his burden to prove that the magistrate abused its discretion by denying the application, we affirm the trial court's judgments.

/s/ Dana Womack
Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  March 19, 2020